UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GAYL PAYTON                                    CIVIL ACTION

VERSUS                                         NO: 10-1014

DYNCORP INTERNATIONAL, ET AL.                  SECTION: "A" (2)

**ORDER AND REASONS**

Before the Court is a **Motion to Set Aside Entry of Default (Rec. Doc. 16)** filed by defendants Dyncorp International and Dyn Marine Services of Virginia, Inc. Plaintiff, who is proceeding pro se, filed no formal opposition to the motion. The motion, set for hearing on December 8, 2010, is before the Court on the briefs without oral argument.

On October 20, 2010, Plaintiff moved for entry of default against defendants Dyncorp International and Dyn Marine Services of Virginia (Rec. Docs. 11 & 12). On November 12, 2010, the Clerk entered default against the Defendants. (Rec. Docs. 13 & 14). On November 18, 2010, Defendants answered the complaint. (Rec. Doc. 15). Defendants now move to have the entry of default set aside citing a good faith error by counsel assigned to the case.

Rule 55(a) mandates entry of default where a party fails to plead or otherwise defend a suit as provided in the Rules. Fed. R. Civ. P. 55(a). Rule 55(c) provides that for good cause shown the court may set aside an entry of default. Fed. R. Civ. P. 55(c). "Good cause" is to be interpreted liberally. Effjohn Int'l Cruise

1

Holdings, Inc. v. A & L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (citing Amberg v. Federal Dep. Ins. Corp., 934 F.2d 681, 685 (5th Cir. 1991)). The court looks to a variety of factors when determining whether good cause exists including whether the failure to act was willful and whether the party acted expeditiously to correct the default. Id. (citing Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000); Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)). The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999). The decision to grant or deny a motion to set aside a default rests within the sound discretion of the trial court. See Ice Co. Prod. WLL v. C & R Refrig., Inc., No. 05-003, 2005 WL 1799517, *1 (E.D. Tex. July 26, 2005).

Defendants have moved expeditiously to set aside the entry of default and Defendants answered the complaint within days of the entry. The docket sheet reveals that nothing has taken place so far in this litigation except with regard to the instant defaults. Given the Fifth Circuit's policy in favor of resolving cases on their merits, the Court in its discretion will vacate the entry of default.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Set Aside Entry of Default (Rec. Doc. 16)** filed by defendants Dyncorp International and Dyn Marine Services of Virginia, Inc. is **GRANTED**. The entries of

default against these defendants are **VACATED**.

December 10, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE