UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAYL PAYTON | CIVIL ACTION |
| VERSUS | NO: 10-1014 |
| DYNCORP INTERNATIONAL, ET AL. | SECTION: "A" (2) |

### ORDER AND REASONS

Before the Court is a **Motion for Summary Dismissal of Case on Grounds of Res Judicata and Expiration of the Statute of Limitations (Rec. Doc. 23)** filed by defendants Dyncorp International, LLC and Dyn Marine Services of Virginia, Inc.[1] Plaintiff Gayl Payton opposes the motion. The motion, set for hearing on June 22, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

I.  **BACKGROUND**

Pro se plaintiff Gayl Payton filed this Jones Act complaint against Defendants claiming damages for post-traumatic stress disorder ("PTSD") relating to an alleged sexual assault. The allegations of the hand-written complaint are composed of two phrases: "Post Traumatic Stress Disorder (sexual assault)" and a

---

[1] Plaintiff also named an entity entitled Dyn Marine Services but Defendants inform the Court that this entity no longer exists.

1

demand of "Amount Undecided" for "lost wages, pain & suffering." The complaint contains no other factual or legal allegations whatsoever.[2]  Plaintiff filed the complaint on March 31, 2010.[3]

From Defendants' submissions the Court has gleaned that Plaintiff worked for Dyncorp between 1/1/99 and 5/23/99 aboard the USS KANE, a Navy owned and operated vessel, stationed in Manama, Bahrain.  Plaintiff was employed as a chief cook. Plaintiff has had extensive legal proceedings against various Dyncorp entities arising out of her brief period of employment with the company.  Her own pleadings in prior litigation establish that her last date of service aboard the KANE was May 23, 1999.  (Rec. Doc. 23-5, at 4 ¶ 14).  The specific entity that employed Payton during all times material was Dyn Marine Services of Virginia, Inc., now known as Dyn Marine Services of Virginia, LLC.  (Uncont. Fact # 1).

Plaintiff unsuccessfully sought worker's comp benefits in

---

[2] Plaintiff's opposition to the motion for summary judgment is even less helpful than her complaint for purposes of apprising the Court as to the exact nature of her claims.  The opposition is three sentences long and is completely unresponsive to the potentially dispositive issues raised via Defendants' motion.

[3] Plaintiff is proceeding pro se so the Court must construe her complaint and opposition liberally.  Nonetheless, the principle of liberal construction does not immunize pro se plaintiffs from adverse rulings and it does not transform the Court into the plaintiff's advocate.  See Willie v. Bradley, No. 05-10, 2008 WL 1990775, at *15 (N.D. Miss. Feb. 12, 2008). Further, the principle of liberal construction does not eviscerate a defendant's right to raise meritorious defenses via summary judgment and to have them decided via motion practice.

Virginia based on the alleged sexual assault that forms the basis of this lawsuit.[4]  During Plaintiff's deposition in that case she testified that Captain Sacca perpetrated the assault while they were working together aboard the KANE.  (Rec. Doc. 23-6, at 30).  Given that Plaintiff's last date of service aboard the KANE was in May of 1999, the sexual assault at issue in this lawsuit occurred over 10 years before Plaintiff filed this complaint.

In 2000, Plaintiff filed suit in this district alleging sexual harassment while working aboard the KANE during the same timeframe that the alleged assault occurred.[5]  Captain Sacca was specifically named in the petition as one of the sexual harassers but the alleged sexual assault was never mentioned.  (Rec. Doc. 23-5, at 4 ¶ 13).  Plaintiff settled that discrimination case on the record before Magistrate Judge Chasez on October 21, 2002, and she executed a satisfaction of judgment for the money that she received in settlement.  (Rec. Doc. 23-5).  On the record the parties clarified that the settlement was as to all Dyn entities named in that lawsuit including Dyn Marine Services of Virginia, Inc., Plaintiff's Jones Act employer named in the instant lawsuit.  (Trans. at 3).  The sole claim excepted was a Jones Act

---

[4] The Virginia Worker's Compensation Commission concluded that it lacked jurisdiction over Plaintiff's claim because she was a Jones Act seaman when the assault occurred.  (Rec. Doc. 23-5, at 8).

[5] Civil action 00-2128 was assigned to Section I of this Court (Judge Lance Africk).

claim that Plaintiff had separately filed against the United States which was pending in yet another section in this district.[6] The settlement transcript demonstrates that Magistrate Judge Chasez expressly explained to Plaintiff that by settling her case she was foregoing all the claims brought in the lawsuit and all the claims that might have been brought in the lawsuit regardless of whether her damages might someday become worse than were at the time of settlement. (Trans. at 4-5).

Defendants have filed the instant motion for summary judgment arguing that the Jones Act claim is time-barred, and alternatively, that principles of res judicata foreclose the claim in light of the prior settlement with the Dyn entities.

**II.   DISCUSSION**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  TIG Ins. Co. v. Sedgwick James,

---

[6] Civil Action 00-3321.  That Jones Act complaint was for a slip and fall incident aboard the KANE.  The claim was asserted against the United States pursuant to the Public Vessels Act and the Suits in Admiralty Act. These Acts permit suits in admiralty to be brought against the United States for actions arising out of the operation of vessels owned by or operated for the United States.  Abogado v. Int'l Marine Carriers, 890 F. Supp. 626, 629 (S.D. Tex. 1995).  The case was tried to the bench in Section K (Judge Stanwood Duval) and resulted in a judgment in favor of Plaintiff.

276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

A claim under the Jones Act must be brought within three years after the cause of action arises. Pretus v. Diamond Offshore Drilling, Inc., 571 F.3d 478, 481 (5th Cir. 2009) (citing 46 U.S.C. §§ 30104, 30106). A cause of action under the Jones Act and general maritime law accrues when a plaintiff has had a reasonable opportunity to discover the injury, its cause, and the link between the two. Id. (quoting Crisman v. Odeco,

Inc., 932 F.2d 413, 415 (5th Cir. 1991)).  The discovery rule applies such that the statute of limitations is not meant to apply to facts that were "unknown and inherently unknowable" to the plaintiff.  Id. (citing Urie v. Thompson, 337 U.S. 163 (1949)).  The law in this circuit recognizes potential application of the discovery rule in both pure latent injury cases and traumatic event/latent manifestation cases.  Id. (quoting Albertson v. T.J. Stevenson & Co., 749 F.2d 223, 228-29 (5th Cir. 1984)).  Occupational exposure cases present the most common example of a pure latent injury case.  In this type of case the plaintiff does not know that he has sustained an injury until years later when the disease finally manifests itself.  Pretus, 571 F.3d at 482 (citing Albertson, 749 F.2d at 231).  The discovery rule may operate in such a case because the plaintiff should not be victimized if he has no knowledge that he was injured. Id.

   By contrast, in a traumatic event/latent manifestation case the plaintiff sustains both immediate and latent injuries caused by a noticeable, traumatic, occurrence.  Id.  At the time of the traumatic event, the plaintiff realizes both that he is injured and what is responsible for causing the injury.  Id.  The full extent of the harm, however, has not become manifest.  Id.

   Turning now to the instant case, the claims against all defendants other than Dyn Marine Services of Virginia, Inc. can

be dismissed on the basis that they did not employ Plaintiff for purposes of the Jones Act.  It is undisputed that defendant Dyn Marine Services of Virginia, Inc. was Plaintiff's employer during the time that the assault allegedly occurred.  Thus, to the extent that Plaintiff has a Jones Act claim to assert it can only be against that defendant.[7]

Plaintiff filed this Jones Act complaint to recover for the assault over ten years after the incident occurred so unless the discovery rule applies her claim is time-barred.  The only potential application of the discovery rule in this case is under the traumatic event/latent manifestation scenario.  It is beyond cavil that a victim of a sexual assault knows that she has received an injury as a result of that tortious act upon its occurrence albeit the full extent of the harm may not have become immediately manifest.  The Court does not know when Plaintiff was first diagnosed with PTSD but she knew that she suffered from the condition as of October 2002 when she settled her discrimination case before the magistrate judge.  Plaintiff specifically stated on the record that she was taking medication for PTSD.  (Rec. Doc. 23-5, Trans. at 8).  As the Court appreciates Plaintiff's position in this case, her contention is that she did not know

---

[7] The Court is ignoring the possibility that Plaintiff's sole claim under the Jones Act might have been against the United States under the Public Vessels Act as was the case when she injured her back in the slip and fall accident.  This point is immaterial to the Court's decision today.

the cause of her PTSD until sometime in late October 2009.[8]

For purposes of this motion the Court will credit Plaintiff's assertion that the cause of her PTSD--which she claims to be the 1999 sexual assault--only became known to her in October 2009.[9]  But Plaintiff bears the burden of establishing that her facially time-barred Jones Act claim is not in fact time-barred or at the very least that an issue of fact exists as to that question.  Plaintiff has not come forward with any competent summary judgment evidence to suggest that her claim is not time-barred.  In this case the assault was a discrete traumatic event that occurred in 1999 and she was aware of the specific injury complained of (PTSD) no later than 2002 when Plaintiff specifically told Magistrate Judge Chasez that she was taking medication for PTSD.  In response to Defendant's motion

---

[8] Again, Plaintiff never attempts to articulate her position to the Court but in light of the settlement transcript *the only* argument that she can make is that she was unaware of the cause of her PTSD.  During the proceedings before the Virginia Worker's Compensation Commission Plaintiff asserted that a nurse practitioner had *diagnosed* her with PTSD in October 2009, (Rec. Doc. 23-6, Trans. at 6), but that assertion is directly contradicted by the 2002 transcript wherein Plaintiff unequivocally states that she was suffering from PTSD at that time.

[9] The Court assumes that the two mental disability statements that Plaintiff attached to her complaint, both completed in October 2009, are intended to support this assertion but they do not.  One statement was prepared by a nurse practitioner and the other by a social worker and neither suggests that the cause of Plaintiff's PTSD was first diagnosed in October 2009.

Plaintiff has proffered no reasonable explanation for her failure to ascertain the cause of her known PTSD condition in the many years following her diagnosis.  This is especially perplexing given that the nature of PTSD, which is a mental disturbance that originates in response to an overwhelming encounter with the possibility of violent death and is known to follow immediately after the severe trauma.  <u>Owens v. Global Santa Fe Drilling Co.</u>, No. 04-702, 2005 WL 840502, at *5 (E.D. La. Apr. 8, 2008) (Duval, J) (<u>citing</u> 49 Am. Jur. Proof of Fact 2d Post-Traumatic Stress § 73).  Unless Plaintiff sustained multiple severe traumas during the relevant time period one must ask how she could not have associated the PTSD with the sexual assault.  But even assuming that as a lay person Plaintiff was not aware of the nature of PTSD and its potential triggers, the record demonstrates that Plaintiff has suffered from various forms of mental instability since 1999 and was treated regularly by a psychiatrist.  (<u>See</u> Rec. Doc. 23-6, Exh. 17).  Still, it is not impossible that during years of psychiatric care her medical doctors failed to make a connection between Plaintiff's PTSD, for which she was prescribed medication, and the 1999 sexual assault but it is certainly a highly questionable proposition.  <u>Pretus</u> teaches that no one of these "questions" is dispositive but Plaintiff cannot go forward absent something to create an issue of fact as to the timeliness of her claim and she offers nothing.  In sum,

Plaintiff has failed to demonstrate that the discovery rule saves her Jones Act claim from being time-barred.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Dismissal of Case on Grounds of Res Judicata and Expiration of the Statute of Limitations (Rec. Doc. 23)** filed by defendants Dyncorp International, LLC, Dyn Marine Services of Virginia, Inc. is **GRANTED.** Plaintiff's complaint is **DISMISSED** with prejudice.

July 5, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

10